IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MERRILEE STEWART, et al.**,  Plaintiffs, v.  **IHT INSURANCE AGENCY GROUP LLC WELFARE BENEFITS PLAN**, et al.,  Defendants. | **Case No. 2:16-cv-210**  **Judge Graham**  **Magistrate Judge Jolson** |

**OPINION AND ORDER**

In the case at bar, Plaintiffs Merrilee Stewart and Charles Stewart allege that Defendants[1] wrongfully terminated Ms. Stewart's membership interest in Defendant RRL Holding Company of Ohio, LLC ("RRL"),[2] in violation of an operating agreement (the "Buy/Sell Agreement"), and in doing so, intentionally interfered with the benefits afforded Plaintiffs through Ms. Stewart's membership in the IHT Insurance Agency Group, LLC Welfare Benefits Plan (the "Plan"), an employee welfare benefits plan established under the Employee Retirement Security Act of 1974 ("ERISA"). (Am. Compl. ¶¶ 30–33, 74, ECF No. 12 at 50, 55.)  Plaintiffs further claim that Defendants IHT Insurance, RRL, and Fritz Griffieon breached their fiduciary duties to Plaintiffs

---

[1] The five Defendants in this case are: 1) IHT Insurance Agency Group, LLC Welfare Benefits Plan (the "Plan"), an employee welfare benefits plan established under ERISA. (Am Compl. at ¶¶ 2,5); 2) IHT Insurance Agency Group, LLC ("IHT Insurance"), the Plan sponsor and administrator. (*Id.* at ¶ 8); 3) RRL Holding Company of Ohio, LLC ("RRL"), the previous sole member of IHT Insurance. (*Id.* at ¶ 9); 4) Griffioen Agency, LLC, the alleged insurance "agent/broker" for the Plan. (*Id.* at ¶ 10); and 5) Fritz Griffioen, the alleged personal insurance agent for the Plan. (*Id.* at ¶ 12). The Court refers to these five collectively as "Defendants."

[2] Firefly Insurance Agency LLC ("Firefly") is an Ohio limited liability company formerly known as IHT Insurance Agency Group, LLC.  Firefly/IHT Insurance was wholly owned by a second limited liability company, RRL Holding Company of Ohio, LLC, a member-managed LLC.  On December 31, 2018, RRL merged with Firefly.  (ECF No. 45-2.)  Firefly is the surviving entity and RRL's successor-in-interest.  (*Id.*)

1

as Plan participants and beneficiaries and did not evenly apply the terms of the Plan to similarly situated persons. (*Id.* at ¶¶ 61, 67, ECF No. 12 at 53–54.)

Before the Court is the issue of whether the underlying facts and issues concerning Plaintiffs' ERISA claims here were previously resolved at arbitration. For the reasons that follow, the Court finds that Plaintiffs' claims were resolved at arbitration, and their claims before this Court are therefore **DISMISSED**.

**I.     BACKGROUND**

On March 2, 2015, Defendants RRL and IHT Insurance filed suit against Ms. Stewart in the Franklin County Court of Common Pleas. On May 8, 2015, Ms. Stewart filed a counterclaim seeking damages for the loss of her health and life insurance benefits. (Ex. B, ECF No. 68-2.) On November 10, 2015, the state court action was stayed, and the parties were ordered to arbitration to determine whether Ms. Stewart was properly removed as a member of Defendant RRL. The arbitration panel later granted Ms. Stewart's request to add Rodney Mayhill, William Griffieon, and Fritz Griffieon as parties to the arbitration and assert counterclaims.

On February 19, 2016, Ms. Stewart filed a complaint against the Plan and IHT Insurance in the Franklin County Court of Common Pleas, alleging wrongful termination of benefits under the Plan in violation of 29 U.S.C. § 1162. On March 8, 2016, the Plan and IHT Insurance filed their Notice of Removal to this Court. (ECF No. 1.) On May 27, 2016, Ms. Stewart filed her Amended Complaint, alleging, *inter alia,* wrongful termination of benefits and breach of fiduciary duties and adding her son, Charles Stewart, as a plaintiff, and Griffieon Agency, LLC and Fritz Griffieon as defendants. (ECF No. 12.)

On February 3, 2017, Ms. Stewart filed several arbitration counterclaims, claiming, *inter alia,* that Defendants RRL and IHT Insurance "took affirmative steps to wrongfully terminate

2

Stewart's health, vision, and dental coverage, among other benefits" and "[b]y virtue of her one-fourth membership interest in RRL, Stewart was/is entitled to continued benefits, including but not limited to health, vision, and dental coverage," along with, "RRL, IHT, Mayhill, W. Griffieon, and F. Griffieon breached their obligations to Stewart by discontinuing the benefits to which Stewart was entitled and remained entitled" and "Stewart is entitled to continued benefits on the same terms and conditions existing prior to the unlawful removal, and on the same terms and conditions governing the continued benefits provided to [others]." (Arbitration Countercl., ECF No. 57-1 at ¶¶ 50, 98–100.)

On August 9, 2017, Defendants moved this Court to stay these proceedings pending the outcome of the related arbitration proceeding, arguing that the arbitration would decide whether there were any remaining claims in the instant case. (ECF No. 33.) Through arbitration, Defendants sought an order requiring Ms. Stewart to execute the Membership Interest Redemption Agreement set forth in a specific form attached to the Buy/Sell Agreement, which includes a mutual release of claims. (*Id.* at 122–23.)

On October 4, 2017, the Court ordered Defendants to submit evidence of arbitration. (ECF No. 37.) Defendants submitted evidence of arbitration that same day. (ECF No. 38.) On October 5, 2017, the Court granted Defendants' Motion to Stay Pending Arbitration. (ECF No. 39.) The Court reasoned, "It would make little sense to proceed to trial if it is possible that the arbitration could result in Ms. Stewart executing a release of claims." (ECF No. 37 at 215.)

A three-day hearing was held before the arbitration panel on October 5, October 6, and November 3, 2017, where Ms. Stewart "was given full opportunity to present evidence over three hearing days, and made no challenge or objection to the amount of time available to her to present her counterclaims or defense of claims." (Final Arbitration Award, ECF No. 57-2 at 758.) In her

3

closing arbitration brief, Ms. Stewart sought damages relating to her health and life insurance benefits. (Ex. C, ECF No. 68-3.)

On December 8, 2017, the arbitration panel issued its decision. The panel unanimously found Ms. Stewart was properly removed as a member of RRL. (ECF No. 57-2 at 763.) The panel determined that during an October 24, 2014 managerial board meeting, and "[a]fter a discussion of the negative impact Ms. Stewart's actions [had] on IHT, the remaining members voted to suspend Ms. Stewart from IHT, and also adopted a plan of ending her participation in RRL by November 30, 2014." (*Id.* at 756.) The panel denied Ms. Stewart's counterclaims in their entirety. (*Id.* at 763.) The panel ordered Ms. Stewart to execute closing documents, including a mutual release of claims contained within the Membership Interest Redemption Agreement. (*Id.*)

Section 4 of the Membership Interest Redemption Agreement entitled Mutual Release, provides in subsection (b) that:

> The Redeemed Member [Ms. Stewart] and any Affiliate thereof (collectively with any of their heirs, executors, administrators, personal representatives, successors and assigns . . .) releases each of the Company [Firefly Agency LLC] and the Remaining Members, their officers, directors, shareholders, members, managers, beneficial owners, trustees, partners, Affiliates, employees, participants and agents) . . . from all actions, causes of action, suits . . . which [Ms. Stewart and any Affiliate thereof] now has or hereafter can, shall or may have for, upon or by reason of (i) any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement, and (ii) any matter, cause or thing whatsoever which arises from and after the date of this Agreement, including, without limitation, any matter or thing arising from or in connection with the Operating Agreement, the Buy/Sell Agreement or any transaction entered into by the Company . . . .

(Ex. A, ECF No. 68-1 at 1045–46.)

"Affiliates" is broadly defined as including "any officer, director, member, manager, beneficial owner, trustee, employee, participant, agent, heir, executor, administrator, personal representative, successor or assign of a party hereto." (*Id.* at 1042.)

The panel's decision was confirmed by the state trial court through the entry of judgment against Ms. Stewart, affirmed by the state appellate court, and the Supreme Court of Ohio twice declined to hear the case. (ECF No. 46 at 148.) Ms. Stewart has exhausted her appeals.

On September 10, 2019, Plaintiffs filed a Motion to Lift Stay Order. (ECF No. 45.)

On November 13, 2019, the Court granted Plaintiffs' order but not for the reasons put forth by Plaintiffs. (ECF No. 52.) The Court reasoned, "The arbitration panel has established the rights of the parties, and those rights are currently being enforced by the state court. Consequently, there are no remaining disputes for this Court to decide, as the release of claims Ms. Stewart has been ordered to sign, extends to the claims presently before the Court." (*Id.* at 460.) The Court ordered Plaintiffs to show cause why their case should not be dismissed. (*Id.*)

On January 13, 2020, Plaintiffs responded that the proposed mutual release provision set forth in the redemption agreement does not extend to Plaintiffs' ERISA claims, and the mutual release of claims would therefore not extinguish all claims in the present litigation. (ECF No. 63 at 978–79.)

On April 7, 2020, the parties were ordered to submit further briefing on the issue of whether the arbitration panel's decision and the mutual release of claims extends to the ERISA claims in this case and whether the Court should dismiss these claims as a result thereof. (ECF No. 67 at 1029.) On April 21, 2020, Defendants filed their brief in response. (ECF No. 68.) On May 15, 2020, Plaintiffs filed their reply brief. (ECF No. 70.)

## II. DISCUSSION

After considering the submissions by both parties, the Court concludes that both the mutual release of claims and the arbitration panel's decision extend to the ERISA claims in this case and warrant dismissal of Plaintiffs' claims**.**

### A. Mutual Release of Claims

Plaintiffs argue that the mutual release "would not serve to extinguish the[ir] ERISA claims nor does [it] absolve any of the plan fiduciaries from liability" and only "pertains to buyouts of members' interests in the company." (ECF No. 63 at 979.) Plaintiffs provide no support for their contention, whereas Defendants point out that the broad language of the mutual release pertains to any causes of action Ms. Stewart and Mr. Stewart, as her Affiliate, ever had before and since the February 28, 2020 effective date of the Member Interest Redemption Agreement (the "Agreement") against those she identifies in her Amended Complaint as the Plan fiduciaries, Defendants IHT Insurance and RRL, which comprise the Company, as defined in the Agreement as Firefly Agency LLC,[3] and Defendant Fritz Griffieon, who is a Remaining Member, as defined in the Agreement. (ECF No. 68-1 at 1042.)

Though Plaintiffs only argue that the Agreement's mutual release does not extend to "plan fiduciaries,"[4] Griffieon Agency, LLC and the Plan itself are also defendants in this case, and the Court finds that the mutual release also encompasses these defendants. Remaining Member William Griffieon is the sole member of Griffieon Agency, LLC,[5] and as an agent of the Company, Griffieon Agency, LLC falls within the Agreement's definition of Affiliates.

Similarly, as the Company's administrator of benefits, the Plan also falls within the Agreement's definition of Affiliates. *See Halldorson v. Wilmington Tr. Ret. & Institutional Servs. Co.,* 182 F. Supp. 3d 531, 543–46 (E.D. Va. 2016) (collecting cases and determining that a general release covered a plan because the plan was an affiliate of the employer). Furthermore, because

---

[3] Firefly Agency, LLC is the entity formerly known as Defendant IHT Insurance Group LLC and is also the successor-in-interest to RRL Holding Company of Ohio, LLC.
[4] Plaintiffs' Amended Complaint identifies the Plan fiduciaries as IHT Insurance Group LLC, RRL Holding Company of Ohio, and Fritz Griffieon. (Am. Compl. ¶¶ 14, 54, ECF No. 12 at 48, 52.)
[5] (W. Griffieon Aff. ¶ 2, Ex. G, ECF No. 68-7 at 1114.)

the Company and the Plan are so closely related, the mutual release need not explicitly reference the Plan for the release of claims to be enforced against it. *Sullivan v. Cap Gemini Ernst & Young United States*, 573 F. Supp. 2d 1009, 1021–22 (N.D. Ohio 2008) (collecting cases and "conclud[ing] that [the employer] and the Plan are so closely associated as to be 'affiliates' within the meaning of the [w]aiver").

Furthermore, the mutual release covers any cause or matter occurring before or after the effective date of the Agreement, without limitation. (*Id.* at 1045–46.) The mutual release therefore covers all claims, past, present, and future and extends to Plaintiffs' ERISA claims in the present case. As such, Plaintiffs' claims warrant dismissal.

### B. The Arbitration Panel's Decision

Dismissal of Plaintiffs' claims is further warranted, because the underlying facts and issues central to Plaintiffs' claims before this Court were already decided in arbitration, and the Court finds that the arbitration panel's decision has preclusive effect in the instant case. "There is significant precedent holding that an arbitrator's decision has preclusive effect in federal court." *Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 367 (6th Cir. 2009) (citing *Cent. Transp., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 257 (6th Cir. 1991) (finding "plaintiffs' remaining claims were based on facts already determined in favor of the defendants by the arbitration panel")).

As the state trial court submitted the issue of whether Ms. Stewart was properly removed as a member of Defendant RRL to arbitration and later confirmed the arbitration panel's final award determining that Ms. Stewart was properly removed and denying her counterclaims for wrongful termination of benefits and breach of fiduciary duties, the Court turns to Ohio law concerning the doctrine of res judicata. "Under the doctrine of res judicata, state court judgments

are given the same preclusive effect in federal court as they would have received in the courts of the rendering state." *Stotts v. Pierson*, 976 F. Supp. 2d 948, 959 (S.D. Ohio 2013).

Under Ohio law, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6, 113 Ohio St. 3d 59, 61, 862 N.E.2d 803, 806.

The Ohio Supreme Court set forth three requirements for the application of collateral estoppel. "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Thompson v. Wing,* 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917.

"The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a 'full and fair opportunity to litigate that issue in the first action.'" *Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813, 623 N.E.2d 213 (1993) (quoting *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 74, 369 N.E.2d 776 (1977)). Crucially, and contrary to Plaintiffs' assertion otherwise, "[i]ssue preclusion applies even if the causes of actions differ." *Id.*

i. **Facts and Issues in the Prior Arbitration Action**

In the case at bar, Plaintiffs claim that in December 2014, Defendant Fritz Griffieon spearheaded an effort to terminate Ms. Stewart's membership interest in RRL and her subsequent termination was done with the intent to interfere with health and life insurance benefits, protected rights, to which both she and her beneficiary, Mr. Stewart, were entitled to under ERISA. (ECF No. 12 at 49–51.) Plaintiffs further claim that Defendants IHT Insurance, RRL, and Fritz Griffieon

breached fiduciary duties owed to Plan participants and beneficiaries and failed to administer the terms of the Plan evenly by "not treat[ing] alike similarly-situated persons." (*Id.* at 52–53.)

Though the state court ordered the parties to arbitration to determine whether Ms. Stewart was properly removed as a member of Defendant RRL, it was Ms. Stewart who expanded the scope of arbitration by seeking permission to assert various counterclaims against Defendants RRL and IHT Insurance and other parties she joined to the arbitration proceedings. On February 3, 2017, almost a year after filing her Amended Complaint in this Court, Ms. Stewart willingly submitted to arbitration, with the assistance of counsel, the facts and issues of her alleged wrongful termination from the Plan for the purported reason to intentionally interfere with her entitlement to benefits and the Plan fiduciaries' alleged breach of fiduciary duties owed to her by discontinuing her benefits, including more favorable treatment of others similarly situated. (ECF No. 57-1.)

Ms. Stewart claimed in arbitration that she was wrongfully terminated without notice on December 30, 2014 and shortly thereafter, "RRL and IHT took affirmative steps to wrongfully terminate Stewart's health, vision, and dental coverage, among other benefits" and she was "entitled to continued benefits on the same terms and conditions existing prior to the unlawful attempted removal, and on the same terms and conditions governing the continued benefits provided to [others]." (*Id.* at 704, 709.) In support of her claims, Ms. Stewart submitted detailed damages calculations for both her health and life insurance benefits to the arbitration panel. Thus, the facts and issues concerning Ms. Stewart's entitlement to benefits and the Plan fiduciaries' alleged breach of fiduciary duties were actually and directly heard before the arbitration panel.

    **ii.   Determined by a Court of Competent Jurisdiction**

The arbitration panel unanimously found Ms. Stewart was properly removed as a member of RRL, and that the remaining members adopted a plan for her removal prior to December 2014.

(ECF No. 57-2 at 763.)  The panel denied Ms. Stewart's counterclaims in their entirety and rendered an award "in full resolution and settlement of all claims and counterclaims submitted to this Arbitration."  (*Id.* at 763–64.)  The panel's decision was confirmed by the state trial court through the entry of judgment against Ms. Stewart, affirmed by the state appellate court, and the Supreme Court of Ohio twice declined to hear the case.  (ECF No. 46 at 148.)  Therefore, the facts and issues concerning Ms. Stewart's entitlement to benefits and her breach of fiduciary duty claims were determined by a court of competent jurisdiction.

### iii. Parties in Privity with a Party to the Prior Action

Furthermore, the parties to the present case were either parties to the arbitration or in privity with those parties to the arbitration.  Ohio courts apply "a relaxed concept of privity . . . for purposes of res judicata" and do not require a contractual or beneficiary relationship.  *State ex rel. Davis v. Pub. Emples. Ret. Bd.*, 2007-Ohio-6594, ¶ 23, 174 Ohio App. 3d 135, 145, 881 N.E.2d 294, 301.  Instead, a "'mutuality of interest, including an identity of desired result,' might . . . support a finding of privity."  *O'Nesti v. DeBartolo Realty Corp*., 862 N.E.2d 803 (2007) (quoting *Brown v. Dayton*, 2000-Ohio-148, 89 Ohio St. 3d 245, 730 N.E.2d 958, 962).  "Mutuality . . . exists only if the person taking advantage of the judgment would have been bound by it had the result been the opposite." *Id*.  "An interest in the result of and active participation in the original lawsuit may also establish privity." *O'Nesti,* 862 N.E.2d at 806.

Here, Plaintiffs share a beneficiary relationship, so the relaxed concept of privity need not apply.  The other non-parties to the arbitration, the Plan and Griffieon Agency, LLC are privies for purposes of res judicata.  Neither the Plan nor Griffieon Agency, LLC seek "personally tailored relief to fit their unique circumstance or factual situation" and "their legal interests are the same" as the other Defendants and parties to arbitration.  *Brown*, 730 N.E.2d at 962 (finding taxpayers in

privity with each other for purposes of res judicata where they sought the same general disallowance of a local ordinance for the same reasons). Likewise, had the arbitration panel determined Ms. Stewart's benefits were wrongfully terminated and that the Plan fiduciaries breached any fiduciary duties owed to her, the Plan and Griffieon Agency, LLC would have been bound by that result. Therefore, the Court finds the Plan and Griffieon Agency, LLC are privies for purposes of res judicata.

Accordingly, all three elements of collateral estoppel: 1) actual and direct litigation; 2) determination by a court of competent jurisdiction; and 3) privity have been met, and collateral estoppel applies to Plaintiffs' ERISA claims before this Court.

### iv. Full and Fair Opportunity to Litigate the Issue in the First Action

Not only are the three elements of collateral estoppel satisfied, but Ms. Stewart had a full and fair opportunity to litigate the issues surrounding her removal from RRL and termination of benefits at arbitration. There, Ms. Stewart "was given full opportunity to present evidence over three hearing days and made no challenge or objection the amount of time available to her to present her counterclaims or defense of claims." (ECF No. 57-2 at 758.) Thus, she cannot relitigate the same underlying facts and issues here.

As such, Plaintiffs' ERISA claims are subject to issue preclusion and further warrant dismissal.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. Consequently, Plaintiffs' pending motions (ECF Nos. 50 and 51) are **DENIED** as moot.

The Clerk is instructed to enter final judgment in favor of Defendants on all of Plaintiffs' claims.

**IT IS SO ORDERED.**

                                           /s/ James L. Graham
                                           JAMES L. GRAHAM
                                           United States District Judge

DATE: June 15, 2020